**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| RUSSELL, ) | 3:13-cv-00027-MMD (WGC) |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| vs. ) | **OF U.S. MAGISTRATE JUDGE** |
| ) | |
| JUDGE HAROLD G. ALBRIGHT, ) | |
| et. al., ) | |
| Defendants. ) | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. Before the court is Plaintiff's application to proceed in forma pauperis (Doc. # 1)[1] and pro se Complaint (Doc. # 1-1).[2]

**I. APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). "'[T]he supporting affidavits [must] state the facts as to the affiant's poverty with some particularity, definiteness, and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). The litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

---

[1] Refers to court's docket number.

[2] The complaint only identifies the Plaintiff as "Russell."

The application indicates that Plaintiff has no wages or income, no debts or expenses or other financial obligations. It thus appears that Plaintiff would be unable to pay the $350 filing fee. Accordingly, Plaintiff's application to proceed in forma pauperis should be granted.

## II. SCREENING

**A. Standard**

Applications to proceed in forma pauperis are governed by 28 U.S.C. § 1915, which "authorizes the court to dismiss an IFP action that is frivolous or malicious." *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (citing 28 U.S.C. § 1915(a) (citing 28 U.S.C. § 1915(d)). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th ir. 2000) (citation omitted). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Hamilton v. Brown*, 630 F.3d

1  889, 893 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Balistreri v.*
2  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

3  A complaint must contain more than a "formulaic recitation of the elements of a cause
4  of action;" it must contain factual allegations sufficient to "raise a right to relief above the
5  speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading
6  must contain something more . . . than . . . a statement of facts that merely creates a suspicion
7  [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice
8  and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state
9  "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft*
10 *v. Iqbal*, 556 U.S. 662, 678 (2009).

11 **B. Plaintiff's Complaint**

12 Plaintiff's Complaint names Judge Harold G. Albright and Judge Barbara K. Finley of
13 the Reno Justice Court, as well as the County Commission and State of Nevada as Defendants.
14 (Doc. # 1-1 at 1-2.) Plaintiff alleges that a protective order was entered against him in 2009,
15 and he claims the entry of this order exceeded the court's jurisdiction because he was a
16 resident of Utah at the time. (*Id.* at 3.)

17 The court has reviewed Plaintiff's Complaint and has determined that Plaintiff fails to
18 sate a claim upon which relief may be granted.

19 With respect to Judges Albright and Finley, judges are entitled to absolute immunity
20 for actions undertaken in their judicial capacity. *See Schucker v. Rockwood*, 846 F.2d 1202,
21 1204 (9th Cir. 1988).

22 As to the State of Nevada, Plaintiff brings this lawsuit under 42 U.S.C. § 1983, and
23 States are not persons amenable to suit for purposes of section 1983. *See Arizonans for*
24 *Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491
25 U.S. 58, 71 (1989).

26 Finally, while Plaintiff includes the County Commission as a defendant, he has not
27 included any particular allegations directed toward this defendant. Additionally, the court
28

finds that any assertion that persons associated with the county conspired to cover up a violation of his rights does not cross into the realm of "plausibility" required under *Twombly*.

Therefore, this action should be dismissed with prejudice.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED THAT**:

(1) Plaintiff's request to proceed in forma pauperis (Doc. # 1) be **GRANTED.** The Clerk of the Court should be instructed to **FILE** the Complaint (Doc. # 1-1). The movant herein should be permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting in forma pauperis status should not extend to the issuance of subpoenas at government expense.

(2) The action should be **DISMISSED WITH PREJUDICE**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED:   February 19, 2013.

_____
WILLIAM G.  COBB
UNITED STATES MAGISTRATE JUDGE

4